IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PAUL ERIC RONDEM, SR.,            ) | |
| )   | |
| Plaintiff,           ) | |
| ) | |
| v.             ) | CIVIL ACTION NO. 3:19-CV-77-WHA |
| ) | |
| LEE COUNTY JAIL FACILITY,       ) | |
| ) | |
| Defendant.          ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Paul Eric Rondem, Sr., an indigent inmate, initiated this 42 U.S.C. § 1983 action in which he challenges actions that occurred at the Lee County Detention Center in December of 2018. Upon review of the complaint, the court issued an order requiring that Rondem file either a motion for leave to proceed *in forma pauperis* or the requisite filing and administrative fees. Doc. 6. The Clerk mailed a copy of this order to the plaintiff at the last address he provided for service.[1]

The postal service returned this order as undeliverable because Rondem is no longer confined in the Lee County Detention Facility. Based on the returned mail, the court entered an order requiring Rondem to inform the court of his current address on or before March 15, 2019. Doc. 7 at 1. The court "specifically cautioned [Rondem] that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed due to his failure to keep the court apprised of his current address and because, in the absence of such, this case cannot proceed this court in an appropriate manner." Doc. 7 at

---

[1] The last address provided to the court by Rondem is the Lee County Detention Facility.

1–2. As of the present date, Rondem has failed to provide the court with his current address pursuant to the directives of the aforementioned order. In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Unv. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the administration of this case cannot properly proceed in Rondem's absence. It likewise appears that since his release from the Lee County Detention Facility Rondem is no longer interested in the prosecution of this case as he has not contacted the court. Finally, it appears that any additional effort by this court to secure Rondem's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the undersigned concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed

[upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **April 4, 2019** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of March, 2019.

    /s/ Charles S. Coody
    UNITED STATES MAGISTRATE JUDGE